UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN A. LEONARD, M.D.,

        Plaintiff,

vs.

SOUTH SHORE HOSPITAL

        Defendant.

03 CV 12362 DPW

Civil Action No. 51950

AMOUNT $150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK F.O.M
    11/24/03

MAGISTRATE JUDGE Alexander

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

South Shore Hospital ("SSH") respectfully submits that:

1. On or about November 3, 2003, Defendant was served with a Summons and Complaint in a matter entitled John A. Leonard, M.D. v. South Shore Hospital, Civil Action No. 03-02020, which was filed in Massachusetts Superior Court, Norfolk County.

2. The process, pleadings, and orders served upon Defendant to date in this matter, copies of which are attached hereto as Exhibit A, are as follows:

    a. Summons

    b. Civil Action Cover Sheet

    c. Complaint and Jury Demand

    d. Plaintiff's First Request for Production of Documents

    e. Plaintiff's First Request for Admissions

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship, all of the parties being of different states. In paragraph 1 of Plaintiff's complaint, he states he is a resident of the State of California. SSH is a hospital, with its principal place of business in Weymouth, Massachusetts. Further, the sum allegedly in controversy exceeds the $75,000 jurisdictional prerequisite, exclusive of interest and costs.

4. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

5. SSH will notify the Norfolk Superior Court and all adverse parties of this Notice of Removal by filing with the court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Norfolk Superior Court by overnight mail today, is attached hereto as Exhibit B.

> Respectfully submitted,
> SOUTH SHORE HOSPITAL
>
> By its attorney,
>
> _____
> Stephen T. Paterniti (BBO# 564860)
> Jackson Lewis LLP
> 75 Park Plaza
> Boston, MA 02116
> (617) 367-0025

Dated: November 21, 2003

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2003, a copy of the foregoing was served on Plaintiff's attorney, Scott E. Bettencourt, Law Office of Elizabeth C. Bettencourt, 333 Tremont Street, Duxbury, MA 02332, via first-class mail, postage prepaid

_____
Jackson Lewis LLP

Case 1:03-cv-12362-DPW     Document 1     Filed 11/21/2003     Page 3 of 5

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                         SUPERIOR COURT
                                                     CIVIL ACTION
                                                     NO. 03  02020

.....John A. Leonard, MD........., *Plaintiff(s)*

v.

.....South Shore Hospital........, *Defendant(s)*

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Scott E. Bettencourt, Law Offices of Elizabeth C. Bettencourt plaintiff's attorney, whose address is 333 Tremont Street, Duxbury, MA an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ..Dedham............the ....30th..............

day of .......October..................., in the year of our Lord two thousand and ....Three.......................

                                                     _____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| John Leonard, MD | South Shore Hospital |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Scott E. Bettencourt, Esquire<br>Law Offices of Elizabeth C. Bettencourt<br>333 Tremont Street, Duxbury, MA  02332<br>Board of Bar Overseers number: 564070 | ATTORNEY (if known)<br>Stephen T. Paterniti<br>Jackson Lewis<br>One Beacon Street, Boston, MA  02109 |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E99 | Unpaid Wages | (X) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................$............
  2. Total Doctor expenses ..............................................................$............
  3. Total chiropractic expenses .......................................................$............
  4. Total physical therapy expenses ................................................$............
  5. Total other expenses (describe) .................................................$............
      Subtotal $............
B. Documented lost wages and compensation to date ........................$............
C. Documented property damages to date .........................................$............
D. Reasonably anticipated future medical and hospital expenses .........$............
E. Reasonably anticipated lost wages ................................................$............
F. Other documented items of damages (describe)
      $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

      $............
      TOTAL $............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Defendant failed and refused to compensate Plaintiff for earned but unused vacation time in violation of M.G.L. c. 148, Section 149 and Section 150.
Damages to be trebled by statute.
      TOTAL $475,992.00...

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 10/30/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000