UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

JOHN A. LEONARD, M.D.,

                Plaintiff,

vs.

SOUTH SHORE HOSPITAL

                Defendant.

C. A. No. 03CV12363DPW

---

## ANSWER OF DEFENDANT SOUTH SHORE HOSPITAL TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant South Shore Hospital (hereinafter "SSH"), for its answer and affirmative defenses, states as follows:

### INTRODUCTION

The introduction of Plaintiff's Complaint states conclusions of fact and law to which no response is required. To the extent a response is required, SSH denies the allegations in the introduction of the complaint.

### PARTIES

1. SSH denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Complaint.

2. SSH denies the allegations of paragraph 2 of Plaintiff's Complaint, except admits the allegations pertaining to SSH's principal place of business.

### JURISDICTION AND VENUE

3. Paragraph 3 states a conclusion of law to which no response is required. To the extent a response is required, SSH denies the allegations in paragraph 3 of Plaintiff's Complaint.

## FACTS

4. SSH admits the allegations of paragraph 4 of Plaintiff's Complaint.

5. SSH denies the allegations in paragraph 5 of Plaintiff's Complaint, except admits that Plaintiff countersigned the document attached as Exhibit A, which speaks for itself.

6. SSH denies the allegations in paragraph 6 of Plaintiff's Complaint that an agreement existed and states that Exhibit A speaks for itself.

7. SSH denies the allegations in paragraph 7 of Plaintiff's Complaint that an agreement existed and states that Exhibit A speaks for itself.

8. SSH denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's Complaint.

9. SSH states that paragraph 9 is not amenable to response in its current form as it is too vague to comprehend. To the extent a response is required, SSH denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Complaint.

10. SSH admits the allegations in the first sentence and denies the allegations in the second sentence of paragraph 10 of Plaintiff's Complaint.

11. SSH denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. SSH denies Plaintiff's allegations of "accrued" vacation time and further states that Exhibit B speaks for itself.

13. SSH denies the allegations in paragraph 13 of Plaintiff's Complaint.

14. SSH admits the allegations in paragraph 14 of Plaintiff's Complaint.

15. SSH denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. SSH denies the allegations in Paragraph 16 of Plaintiff's Complaint, except admits it issued him a final paycheck for compensation for work in his final pay period.

17. SSH admits the allegations in paragraph 17 of Plaintiff's Complaint, except denies that Plaintiff had any earned but unpaid wages.

18. SSH denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiff's Complaint.

19. SSH denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiff's Complaint.

## Count I: Unpaid Wages

20. SSH incorporates by reference its responses to paragraphs 1 through 19 above.

21. SSH denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. SSH denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. SSH denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. SSH states that paragraph 24 contains a conclusion of law to which no response is required.

25. SSH denies the allegations in paragraph 25 of Plaintiff's Complaint

## Count II: Breach of Contract

26. SSH incorporates by reference its responses to paragraphs 1 through 25 above.

27. SSH denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. SSH admits the allegations in paragraph 28 of Plaintiff's Complaint.

29. SSH denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. SSH denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. SSH denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. SSH denies the allegations in paragraph 32 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, laches, estoppel and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant's actions were taken for legitimate business reasons and in compliance with legal requirements.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to prevent or mitigate the damages, if any, sustained as a result of the allegations set forth in Plaintiff's Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

At all relevant times, Plaintiff was an employee at-will.

### EIGHTH AFFIRMATIVE DEFENSE

G.L. c. 149, §148 does not apply to SSH.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff was provided all benefits and compensation to which he was entitled by SSH.

## TENTH AFFIRMATIVE DEFENSE

SSH reserves its right to add such additional affirmative defenses as may become evident through discovery.

WHEREFORE, Defendant prays that the Court:

1.  Dismiss the Complaint in its entirety;

2.  Enter judgment for Defendant on all counts;

3.  Reward Defendant its costs; and

4.  Grant such other relief as may be just and proper.

> Respectfully submitted,
>
> SOUTH SHORE HOSPITAL
> By its attorneys,
>
> *Stephen T. Paterniti (GDK)*
> Stephen T. Paterniti (BBO# 564860)
> Jackson Lewis LLP
> 75 Park Plaza
> Boston, MA 02116
> (617) 367-0025

Dated: November 25, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2003, a copy of the foregoing was served on Plaintiff's attorney, Scott E. Bettencourt, Law Office of Elizabeth C. Bettencourt, 333 Tremont Street, Duxbury, MA 02332, via first-class mail, postage prepaid

> Jackson Lewis LLP

H:\PaterniS\south shore hospital (2733)\leonard (69833)\pleadings\answer.doc